

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-049-CV

JAMES T. FIELDER                                         APPELLANTS
AND ALYSE FIELDER

V.

LEWISVILLE IMPORTS, LTD.                                    APPELLEE
D/B/A BANKSTON HONDA

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

This is an appeal from a summary judgment.  We affirm.

### Background

In December 2003, appellants James T. Fielder and Alyse Fielder
(collectively, Fielder) bought a car from appellee Lewisville Imports, Ltd., d/b/a
Bankston Honda (Bankston).  In this transaction, Bankston used a form retail

---

[1] *See* Tex. R. App. P. 47.4.

installment sales contract that included charges for $1,300.00 for an extended warranty to be provided by "Honda Care" and for $59.97 for a tax denominated a "Dealer's Inventory Tax Paid to Seller."

In December 2005, Fielder sued Bankston, alleging claims for fraud, fraudulent non-disclosure, DTPA violations, and violations of Chapter 348 of the Texas Finance Code. Fielder's claims were predicated on two contentions: (1) that the installment contract misrepresented the nature of the dealer's inventory tax, and (2) that Bankston failed to disclose that it was keeping a portion of the amount paid for the extended warranty. Bankston moved for summary judgment, which the trial court granted. This appeal followed.

## Standard of Review

A trial court's grant of a traditional summary judgment is reviewed de novo.[2] The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law.[3] A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on

---

[2] *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

[3] *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

2

that claim.[4]  In deciding whether there is a genuine issue of material fact, evidence favorable to the nonmovant will be taken as true, and all reasonable inferences will be made and all doubts resolved in the nonmovant's favor.[5]

**Analysis**

Fielder's dealer inventory tax claims are identical to those asserted by the plaintiff and resolved in our recent opinion in *Gifford v. Don Davis Auto, Inc.*[6] For the reasons expressed in that opinion, the trial court properly granted summary judgment as to Fielder's dealer inventory tax claims.[7]

Fielder also claimed that Bankston committed fraud and violated the DTPA and the finance code by failing to disclose that almost half of the amount charged for the extended warranty was going to be kept by Bankston. Bankston's summary judgment motion asserted that Bankston had no duty,

---

[4] *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004).

[5] *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).

[6] No. 02-07-00064-CV, 2008 WL 5194314 (Tex. App.—Fort Worth Dec. 11, 2008, no pet. h.).

[7] *See id.*, 2008 WL 5194314, at *2–4; *cf. Feagins v. Tyler Lincoln-Mercury, Inc.*, No. 06-08-00043-CV, 2008 WL 4999099, at *1–3 (Tex. App.—Texarkana Nov. 26, 2008, no pet. h.) (holding that summary judgment was proper on car purchaser's claims that dealer's inventory tax charge violated Texas Finance Code, but concluding that car purchaser's affidavit raised fact issue precluding summary judgment on fraud and DTPA claims based on dealer's inventory tax).

either at common law or under any statute, to disclose the amount it retained from the extended warranty charge.  We agree with Bankston.

Whether a duty to disclose exists is a question of law.[8]  Fielder's fraud claim was based on the theory that Bankston "partially" disclosed the cost of the extended warranty and, therefore, had a duty to fully disclose where the proceeds from that charge were going.[9]  By including the extended warranty charge under the heading, "Other Charges Including Amounts Paid to Others on Your Behalf (Seller may keep part of these amounts)," the installment contract disclosed to Fielder that Bankston may keep part of the extended warranty charge.  The installment contract, therefore, did not convey the false impression that Bankston was not keeping part of the extended warranty charge, and Bankston had no duty to disclose that it was.

Fielder's statutory claims based on the extended warranty charge are equally unavailing.  Section 348.301 of the Texas Finance Code provides that, notwithstanding any other applicable law, no one assigning a retail installment

---

[8] *See Feagins*, 2008 WL 4999099, at *5 (citing *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001)).

[9] *See, e.g.*, *BP Am. Prod. Co. v. Marshall*, No. 04-06-00478-CV, 2008 WL 5169635, at *8 (Tex. App.—San Antonio Dec. 10, 2008, no pet. h.) (noting that "Texas appellate courts have held a duty to disclose may arise in an arm's length business transaction when one party makes a partial disclosure that although true, conveys a false impression"); *Feagins*, 2008 WL 4999099, at *5 and n.8 (same).

contract or any balance under the contract has any duty to disclose the terms of the assignment.[10] This statute precludes any duty on Bankston's part to disclose that it was keeping a portion of the charge for the extended warranty.[11]

Moreover, section 348.009 provides that a failure to make a particular disclosure does not constitute a violation of chapter 348 if such a disclosure is not required by "a federal law, including a regulation or interpretation of law."[12] The Federal Reserve Board considered but elected not to require disclosure that a dealer is retaining part of a charge for an extended warranty.[13] Bankston, therefore, had no statutory duty to disclose the difference between the amount charged for the extended warranty and the amount kept by Bankston.

Because Bankston demonstrated its entitlement to summary judgment on all of Fielder's claims, we affirm the trial court's judgment.

PER CURIAM

PANEL: CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

---

[10] Tex. Fin. Code Ann. 348.301 (Vernon 2006).

[11] *See Feagins*, 2008 WL 4999099, at *5.

[12] Tex. Fin. Code Ann. § 348.009.

[13] 42 Fed. Reg. 19,124–19,125 (April 12, 1977).

DELIVERED:  January 15, 2009